UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ERICK BERG,

                    Plaintiff,

        v.

CAPITAL ONE FINANCIAL CORP., AETNA
LIFE INSURANCE COMPANY, and CAPITAL
ONE SHORT TERM MANAGED INCOME
PROTECTION BENEFITS PLAN,

                    Defendants.
-------------------------------------------------------X

Civil Action No.:
1:13-cv-2694

**ANSWER**

      Defendants, AETNA LIFE INSURANCE COMPANY ("Aetna") and the Capital One Short Term Managed Income Protection Benefit Plan (the "Plan"), by and through their attorneys, SEDGWICK LLP, as and for their Answer to plaintiff's Complaint dated April 19, 2013, respectfully set forth the following upon information and belief:

      FIRST:      Deny each and every allegation contained in paragraph "1" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

      SECOND:      Deny each and every allegation contained in paragraph "2" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that plaintiff's claim for short term disability ("STD") benefits against Aetna and the Plan arises under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA") 29 U.S.C. § 1132(a)(1)(B).

      THIRD:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits this court has subject matter jurisdiction over the claims asserted in plaintiff's cause of action against Aetna and the Plan pursuant to 28 U.S.C. §1331 because it involves a federal question under ERISA.

      FOURTH:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of the plaintiff's Complaint as alleged and

respectfully refers all questions of law to the Honorable Court, except denies that the amount in controversy on plaintiff's fourth causes of action against Aetna and the Plan exceeds $75,000.

FIFTH:        Admit the truth of each and every allegation contained in paragraph "5" of the plaintiff's Complaint.

SIXTH:        Deny each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admits Plaintiff Erick Berg is a former employee of Capital One.

SEVENTH:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

EIGHTH:      Deny each and every allegation contained in paragraph "8" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admits Defendant Aetna is a corporation organized and existing under the laws of the State of Connecticut, with its headquarters located at 151 Farmington Avenue, Hartford, Connecticut 06156 and that at all times relevant herein, Aetna acted as the "claim fiduciary" and "claim administrator" for the Plan only when and to the extent that it rendered discretionary determinations concerning Plaintiff's claim for Plan benefits.

NINTH:        Deny each and every allegation contained in paragraph "9" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admits that the Plan grants Aetna full discretionary authority to make all benefit claim determinations under the Plan and that Aetna administered all benefit claims under the Plan.

TENTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "10" of the plaintiff's Complaint.

ELEVENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "11" of the plaintiff's Complaint.

TWELFTH:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "12" of the plaintiff's Complaint.

THIRTEENTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "13" of the plaintiff's Complaint.

FOURTEENTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "14" of the plaintiff's Complaint.

FIFTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "15" of the plaintiff's Complaint.

SIXTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "16" of the plaintiff's Complaint.

SEVENTEENTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "17" of the plaintiff's Complaint.

EIGHTEENTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "18" of the plaintiff's Complaint.

NINETEENTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "19" of the plaintiff's Complaint.

TWENTIETH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "20" of the plaintiff's Complaint.

TWENTY-FIRST:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "21" of the plaintiff's Complaint.

TWENTY-SECOND: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "22" of the plaintiff's Complaint.

TWENTY-THIRD:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "23" of the plaintiff's Complaint.

TWENTY-FOURTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "24" of the plaintiff's Complaint.

TWENTY-FIFTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "25" of the plaintiff's Complaint.

NY/1267597v1

TWENTY-SIXTH:     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "26" of the plaintiff's Complaint.

TWENTY-SEVENTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "27" of the plaintiff's Complaint.

TWENTY-EIGHTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "28" of the plaintiff's Complaint.

TWENTY-NINTH:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "29" of the plaintiff's Complaint.

THIRTIETH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "30" of the plaintiff's Complaint.

THIRTY-FIRST:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "31" of the plaintiff's Complaint.

THIRTY-SECOND:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "32" of the plaintiff's Complaint.

THIRTY-THIRD:     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "33" of the plaintiff's Complaint.

THIRTY-FOURTH:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "34" of the plaintiff's Complaint.

THIRTY-FIFTH:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "35" of the plaintiff's Complaint including sub-parts A, B & C thereof.

THIRTY-SIXTH:       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "36" of the plaintiff's Complaint.

THIRTY-SEVENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "37" of the plaintiff's Complaint.

THIRTY-EIGHTH:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "38" of the plaintiff's Complaint.

THIRTY-NINTH:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "39" of the plaintiff's Complaint.

FORTIETH:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "40" of the plaintiff's Complaint.

FORTY-FIRST:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "41" of the plaintiff's Complaint.

FORTY-SECOND:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "42" of the plaintiff's Complaint.

FORTY-THIRD:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "43" of the plaintiff's Complaint.

FORTY-FOURTH:   Deny each and every allegation contained in paragraph "44" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim for STD benefits kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that plaintiff applied for STD benefits under the Plan.

FORTY-FIFTH:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "45" of the plaintiff's Complaint.

FORTY-SIXTH:      Deny each and every allegation contained in paragraphs "46" of the plaintiff's Complaint as alleged.

FORTY-SEVENTH:  Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "47" of the plaintiff's Complaint.

FORTY-EIGHTH:     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "48" of the plaintiff's Complaint.

FORTY-NINTH:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "49" of the plaintiff's Complaint as alleged except admit plaintiff was terminated from his employment effective November 13, 2012.

FIFTIETH:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "50" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court and respectfully refer to the November 16, 2012 letter, which speaks for itself.

FIFTY-FIRST:Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "51" of the plaintiff's Complaint.

FIFTY-SECOND:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "52" of the plaintiff's Complaint.

FIFTY-THIRD:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "53" of the plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

FIFTY-FOURTH:      Deny each and every allegation contained in paragraph "54" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim for STD benefits kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that plaintiff applied for STD benefits under the Plan, except admit that by letter dated December 1, 2012, Aetna notified Mr. Berg that his claim for short term disability benefits was denied as a result of his termination effective November 13, 2012.

FIFTY-FIFTH:      Deny each and every allegation contained in paragraph "55" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim for STD benefits kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that plaintiff submitted additional information in support of his claim on appeal.

FIFTY-SIXTH:        Deny each and every allegation contained in paragraph "56" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim for STD benefits kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that by letter dated March 7, 2013 Aetna advised plaintiff of its decision to uphold its original determination to deny his claim for benefits under the Plan.

FIFTY-SEVENTH:    Deny each and every allegation contained in paragraphs "57" of the plaintiff's Complaint.

FIFTY-EIGHTH:       Deny each and every allegation contained in paragraphs "58" of the plaintiff's Complaint.

FIFTY-NINTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "59" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

SIXTIETH:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "60" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION

SIXTY-FIRST:In response to paragraph "61" of the plaintiff's Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "FIRST" through "SIXTIETH:" inclusive, with the same force and effect as if more fully set forth at length herein.

SIXTY-SECOND:     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "62" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SIXTY-THIRD:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "63" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SIXTY-FOURTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "64" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SIXTY-FIFTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "65" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SIXTY-SIXTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "66" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SIXTY-SEVENTH:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "67" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SIXTY-EIGHTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "68" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SIXTY-NINTH:        Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "69" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO PLAINTIFF'S SECOND CAUSE OF ACTION

SEVENTIETH:        In response to paragraph "70" of the plaintiff's Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "FIRST" through "SIXTY-NINTH:" inclusive, with the same force and effect as if more fully set forth at length herein.

SEVENTY-FIRST:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "71" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

NY/1267597v1

SEVENTY-SECOND:         Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "72" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SEVENTY-THIRD:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "73" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SEVENTY-FOURTH:         Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "74" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SEVENTY-FIFTH:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "75" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SEVENTY-SIXTH:   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "76" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

SEVENTY-SEVENTH:         Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "77" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION

SEVENTY-EIGHTH:In response to paragraph "78" of the plaintiff's Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "FIRST" through "SEVENTY-SEVENTH:" inclusive, with the same force and effect as if more fully set forth at length herein.

SEVENTY-NINTH:  Deny each and every allegation contained in paragraph "79" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admits that plaintiff applied for leave under the FMLA.

EIGHTIETH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "80" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

EIGHTY-FIRST:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "81" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

EIGHTY-SECOND:  Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "82" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

EIGHTY-THIRD:      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "83" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

EIGHTY-FOURTH:  Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "84" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR AN ANSWER TO PLAINTIFF'S FOURTH CAUSE OF ACTION

EIGHTY-FIFTH:      In response to paragraph "85" of the plaintiff's Complaint, defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "FIRST" through "EIGHTY-FOURTH:" inclusive, with the same force and effect as if more fully set forth at length herein.

EIGHTY-SIXTH:      Deny each and every allegation contained in paragraph "86" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim for STD benefits kept and maintained by Aetna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Plaintiff was a participant in the Plan within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7) until his termination from employment effective November 13, 2012.

EIGHTY-SEVENTH:Admit the truth of each and every allegation contained in paragraph "87" of the plaintiff's Complaint.

NY/1267597v1

EIGHTY-EIGHTH:  Deny each and every allegation contained in paragraph "88" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that Aetna acted as the claim administrator for the Plan and acted as a claim fiduciary only when and to the extent that it rendered discretionary determinations of benefit claims under the Plan.

EIGHTY-NINTH:    Deny each and every allegation contained in paragraph "89" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that Capital One was plaintiff's "employer" within the meaning of ERISA §3(5).

NINETIETH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "90" of the plaintiff's Complaint.

NINETY-FIRST:    Deny each and every allegation contained in paragraph "91" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit that Plaintiff was employed by Capital One and, as an employee, was eligible for coverage for STD under the Plan while so employed.

NINETY-SECOND:  Deny each and every allegation contained in paragraphs "92" of the plaintiff's Complaint.

NINETY-THIRD:    Deny each and every allegation contained in paragraphs "93" of the plaintiff's Complaint.

NINETY-FOURTH:  Admit the truth of each and every allegation contained in paragraph "94" of the plaintiff's Complaint.

NINETY-FIFTH:    Admit the truth of each and every allegation contained in paragraph "95" of the plaintiff's Complaint.

NINETY-SIXTH:    Admit the truth of each and every allegation contained in paragraph "96" of the plaintiff's Complaint.

NINETY-SEVENTH: Deny each and every allegation contained in paragraphs "97" of the plaintiff's Complaint.

NY/1267597v1

NINETY-EIGHTH:   Deny each and every allegation contained in paragraphs "98" of the plaintiff's Complaint.

NINETY-NINTH:    Deny each and every allegation contained in paragraphs "99" of the plaintiff's Complaint.

ONE HUNDREDTH:        Deny each and every allegation contained in paragraphs "100" of the plaintiff's Complaint.

## OBJECTION TO JURY DEMAND

ONE HUNDRED FIRST:    Defendants object to plaintiff's Jury Demand because he is not entitled to a trial by jury of any claim asserted against these answering defendants.  DeFelice v. International Assurance Co. of New York, 112 F.3d 61 (2d Cir. 1997); Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251 (2d Cir. 1996).

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

ONE HUNDRED SECOND:        This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ONE HUNDRED THIRD:   The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

ONE HUNDRED FOURTH:        Defendants acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan.  Accordingly, plaintiff is barred from recovery for his claims in this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

ONE HUNDRED FIFTH:   All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

NY/1267597v1

ONE HUNDRED SIXTH:    Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

ONE HUNDRED SEVENTH:        Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

ONE HUNDRED EIGHTH: Defendant Aetna, as claim fiduciary for the governing welfare benefit plain, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and Aetna is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.    Aetna's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Aetna's determination concerning plaintiff's claims.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

ONE HUNDRED NINTH:  The Court's review of plaintiff's claim against defendants is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Aetna in the regular course of its business.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

ONE HUNDRED TENTH: Plaintiff's claim is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

ONE HUNDRED ELEVENTH:    To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Aetna determined he was not entitled to receive further benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

ONE HUNDRED TWELFTH:      To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Aetna determined he was not entitled to receive further benefits, his monthly benefit under the Plan must be reduced by any "other income" benefits he was eligible to receive.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

ONE HUNDRED THIRTEENTH:  Plaintiff's claims for consequential damages, punitive damages and other forms of legal relief are completely preempted by ERISA.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

ONE HUNDRED FOURTEENTH: To the extent necessary, defendants deny all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

**WHEREFORE**, defendants Aetna and the Plan pray:

1. That the action be dismissed, or that judgment be entered in favor of defendants, Aetna and the Plan and against plaintiff;

2. That defendants, Aetna and the Plan, be awarded costs of suit incurred herein;

3. That defendants, Aetna and the Plan, be awarded reasonable attorney's fees; and

4. That defendants, Aetna and the Plan, be awarded such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
          June 28, 2013

Respectfully submitted,

 s/
MICHAEL H. BERNSTEIN (MB-0579)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
T:  (212) 422-0202
F:  (212) 422-0925
*Attorneys for Defendants*
*Aetna Life Insurance Company and Capital One Short Term*
*Managed Income Protection Benefits Plan*

14

TO:

**Andrew Scott Goodstadt**
Thompson Wigdor LLP
85 Fifth Avenue
New York, NY 10003
(212) 257-6800
Fax: (212) 257-6854
Email: agoodstadt@goodstadtlaw.com


**Eric Brenner Eubanks**
Adam E. Faber, LLC
40 Cutter Mill Road
Suite 301
Great Neck, NY 11021
(516)-746-1600
Fax: (516)-746-2611
Email: eeubanks@adamfaberlaw.com


**Lori Diane Bauer**
Jackson Lewis LLP (NY)
666 Third Avenue
29th Floor
New York, NY 10017
212-545-4000
Fax: 212-972-3213
Email: bauerl@jacksonlewis.com


**Nicole Quick Saldana**
Jackson Lewis LLP (NY)
666 Third Avenue
29th Floor
New York, NY 10017
(212)-545-4000
Fax: (212)-972-3213
Email: saldanan@jacksonlewis.com

NY/1267597v1

## <u>CERTIFICATE OF SERVICE</u>

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** was served via ECF on this 28th day of June, 2013, upon the following:

<table>
<tr>
<td>

**Andrew Scott Goodstadt**
Thompson Wigdor LLP
85 Fifth Avenue
New York, NY 10003
(212) 257-6800
Fax: (212) 257-6854
Email: agoodstadt@goodstadtlaw.com

</td>
<td>

**Lori Diane Bauer**
Jackson Lewis LLP (NY)
666 Third Avenue
29th Floor
New York, NY 10017
212-545-4000
Fax: 212-972-3213
Email: bauerl@jacksonlewis.com

</td>
</tr>
<tr>
<td>

**Eric Brenner Eubanks**
Adam E. Faber, LLC
40 Cutter Mill Road
Suite 301
Great Neck, NY 11021
(516)-746-1600
Fax: (516)-746-2611
Email: eeubanks@adamfaberlaw.com

</td>
<td>

**Nicole Quick Saldana**
Jackson Lewis LLP (NY)
666 Third Avenue
29th Floor
New York, NY 10017
(212)-545-4000
Fax: (212)-972-3213
Email: saldanan@jacksonlewis.com

</td>
</tr>
</table>

s/ _____
Michael H. Bernstein

Dated:      New York, New York
            June 28, 2013

16