UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERICK BERG,**<br><br>                              **Plaintiff,**<br><br>          **-against-**<br><br><br>**CAPITAL ONE FINANCIAL CORP.,**<br>**AETNA LIFE INSURANCE COMPANY,**<br>**and CAPITAL ONE SHORT TERM**<br>**MANAGED INCOME PROTECTION**<br>**BENEFITS PLAN,**<br><br>                              **Defendants.** | **Case No. 13-CV-2694**<br><br><br><br><br>**DEFENDANT CAPITAL ONE**<br>**FINANCIAL CORP.'S  ANSWER AND**<br>**AFFIRMATIVE DEFENSE** |

Defendant, Capital One Financial Corporation[1] (hereinafter referred to as "Defendant" or "Capital One"), by and through its undersigned attorneys, for its Answer to Plaintiff's Complaint, responds and pleads affirmative defenses as follows:

## AS TO "NATURE OF THE CLAIMS"

1.      Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except avers that Plaintiff purports to bring this action seeking damages for alleged violations of the New York State Human Rights Law and the New York City Human Rights Law as a result of Plaintiff's sexual orientation.

2.      Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except avers that Plaintiff purports to bring this action to redress violations of the Family and Medical Leave Act and the Employee Retirement Income Security Act of 1974.

---

[1] Plaintiff was employed by Capital One, N.A. a wholly-owned subsidiary of Capital One Financial Corporation.

## AS TO "JURISDICTION AND VENUE"

3.    Defendant denies the allegations set forth in Paragraph "3" of the Complaint, except avers that Plaintiff purports that jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

4.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Aetna set forth in Paragraph "4" of the Complaint, except admits that Defendant's principal place of business is McLean, Virginia and avers that Plaintiff purports that jurisdiction is based on 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.

5.    Defendant denies the allegations set forth in Paragraph "5" of the Complaint, except avers that Plaintiff purports that venue is proper pursuant to 28 U.S.C. § 1391(b).

## AS TO "PARTIES"

6.    Defendant denies the allegations set forth in Paragraph "6" of the Complaint, except avers that Plaintiff was employed by Capital One from May 2010 until his termination in November 2012 and Capital One's business records indicate Plaintiff was a resident of New York, New York during his employment with Capital One.   To the extent that Paragraph "6" of the Complaint contains legal conclusions Defendant refers the Court to the applicable statutes for the true content and effect thereof.

7.    Defendant denies the allegations set forth in Paragraph "7" of the Complaint, except avers that avers that Capital One, N.A. is a diversified bank that is incorporated in the State of Delaware and its principal place of business is in McLean, Virginia.

2

To the extent that Paragraph "7" of the Complaint contains legal conclusions Defendant refers the Court to the applicable statutes for the true content and effect thereof.

8.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint. To the extent that Paragraph "8" of the Complaint contains legal conclusions Defendant refers the Court to the applicable statutes for the true content and effect thereof.

9.      The allegations set forth in Paragraph "9" of the Complaint contain legal conclusions to which no answer is required by the Defendant and refer the Court to the applicable statutes for the true content and effect thereof.

## AS TO "PROCEDURAL REQUIREMENTS"

10.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint.

11.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

**Mr. Berg's Employment With The Company**

12.     Defendant denies the allegations set forth in Paragraph "12" of the Complaint except avers that Plaintiff was hired as a Branch Manager III in 2010.

13.     Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

14.     Defendant denies the allegations set forth in Paragraph "14" of the Complaint and refers to the Court to the documents for the true content and effect thereof.

15.     Defendant denies the allegations set forth in Paragraph "15" of the Complaint but avers that Plaintiff participated in various committees during his employment with Capital One.

16.     Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17.     Defendant denies the allegations set forth in Paragraph "17" of the Complaint, but aver that Plaintiff was asked to participate in an operational visit at another branch before his meeting with Mr. Starbird and Ms. Fernandez.

18.     Defendant admits the allegations set forth in Paragraph "18" of the Complaint.

19.     Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

## Mr. Berg's Meeting with HR Specialist Starbird and District Manager Fernandez

20.     Defendant denies the allegations set forth in Paragraph "20" of the Complaint, but aver that on November 9, 2012 Plaintiff attended a meeting with Mr. Starbird and Ms. Fernandez.

21.     Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22.     Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23.     Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24.     Defendant admits the allegations set forth in Paragraph "24" of the Complaint.

25.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint.

26.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

27.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Complaint but avers that Mr. Hafeez was counseled by his managers.

28.     Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29.     Defendant admits the allegations set forth in Paragraph "29" of the Complaint.

30.     Defendant denies the allegations set forth in Paragraph "30" of the Complaint except avers that a member of Defendant's Associate Relations department drafted correspondence to Mr. Hafeez and refer the Court to the correspondence for the truth of the contents therein.

31.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "31" of the Complaint.

32.     Defendant denies the allegations set forth in Paragraph "32" of the Complaint.

33.     Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

5

34.     Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35.     Defendant denies the allegations set forth in Paragraph "35" of the Complaint, except avers that Mr. Starbird asked Plaintiff questions regarding sexual harassment allegations made by another employee.

36.     Defendant denies the allegations set forth in Paragraph "35(A)" of the Complaint, except avers that Mr. Starbird asked Plaintiff questions regarding sexual harassment allegations made by another employee.

37.     Defendant denies the allegations set forth in Paragraph "35(B)" of the Complaint, except avers that Mr. Starbird asked Plaintiff questions regarding sexual harassment allegations made by another employee.

38.     Defendant denies the allegations set forth in Paragraph "35(C)" of the Complaint, except avers that Mr. Starbird asked Plaintiff questions regarding sexual harassment allegations made by another employee.

39.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "36" of the Complaint but avers that Plaintiff denied making the statements to the other employee.

40.     Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

41.     Defendant denies the allegations set forth in Paragraph "38" of the Complaint.

42.     Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

6

43.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint but avers that Mr. Starbird asked Plaintiff questions regarding sexual harassment allegations made by another employee.

44.     Defendant denies the allegations set forth in Paragraph "41" of the Complaint but avers that once the meeting concluded Mr. Starbird advised Plaintiff not to report to work and that he was being placed on leave pending further investigation.

45.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "42" of the Complaint.

46.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "43" of the Complaint.

**Mr. Berg's Request for FMLA Leave and Short Term Disability and Subsequent Termination**

47.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "44" of the Complaint.

48.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "45" of the Complaint but avers that Ms. Fernandez sent Plaintiff text messages.

49.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "46" of the Complaint.

50.     Defendant denies the allegations set forth in Paragraph "47" of the Complaint except aver that Ms. Fernandez tried to contact Plaintiff on his home phone number.

51.     Defendant denies the allegations set forth in Paragraph "48" of the Complaint except avers that Plaintiff hung up the phone on Ms. Fernandez on November 15, 2012.

52.     Defendant denies the allegations set forth in Paragraph "49" of the Complaint, except avers that Plaintiff was notified of his termination by correspondence and refers the Court to the correspondence for the truth of the contents therein.

53.     Defendant denies the allegations set forth in Paragraph "50" of the Complaint and refers the Court to the correspondence for the truth of the contents therein

54.     Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

55.     Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

56.     Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

57.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "54" of the Complaint and refers the Court to the correspondence for the truth of the contents therein.

58.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "55" of the Complaint except avers that Plaintiff appealed his denial of benefits and refers the Court to the correspondence for the truth of the contents therein.

8

59.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "56" of the Complaint and refers the Court to the correspondence for the truth of the contents therein.

60.     Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

61.     Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

62.     Defendant denies the allegations set forth in Paragraph "59" of the Complaint.

63.     Defendant denies the allegations set forth in Paragraph "60" of the Complaint.

## AS TO "AS AND FOR A FIRST CAUSE OF ACTION
## (Sexual Orientation Discrimination in Violation of New York City Human Rights Law, N.Y.C. Admin Code § 8-107(1) Against Capital One)"

64.     Defendant repeats and realleges its answers to the allegations set forth in Paragraphs "1" through "63", inclusive, as though fully set forth herein in response to Paragraph "61" of Plaintiff's Complaint.

65.     The allegations set forth in Paragraph "62" of the Complaint contain legal conclusions to which no answer is required by the Defendant.  However, to the extent an answer is required Defendant refers the Court to the applicable statutes for the true content and effect thereof.

66.     Defendant denies the allegations set forth in Paragraph "63" of the Complaint.

67.     Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

68.     Defendant denies the allegations set forth in Paragraph "65" of the Complaint.

69.     Defendant denies the allegations set forth in Paragraph "66" of the Complaint.

70.     Defendant denies the allegations set forth in Paragraph "67" of the Complaint.

71.     Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

72.     Defendant denies the allegations set forth in Paragraph "69" of the Complaint.

<u>AS TO "AS AND FOR A SECOND CAUSE OF ACTION</u>
<u>(Sexual Orientation Discrimination in Violation of New York Statev Human Rights Law,</u>
<u>New York Executive Law, § 296(1) Against Capital One)"</u>

73.     Defendant repeats and realleges its answers to the allegations set forth in Paragraphs "1" through "72", inclusive, as though fully set forth herein in response to Paragraph "70" of Plaintiff's Complaint.

74.     The allegations set forth in Paragraph "71" of the Complaint contain legal conclusions to which no answer is required by the Defendant.  However, to the extent an answer is required Defendant refers the Court to the applicable statutes for the true content and effect thereof.

75.     Defendant denies the allegations set forth in Paragraph "72" of the Complaint.

76.     Defendant denies the allegations set forth in Paragraph "73" of the Complaint.

77.     Defendant denies the allegations set forth in Paragraph "74" of the Complaint.

78.     Defendant denies the allegations set forth in Paragraph "75" of the Complaint.

79.     Defendant denies the allegations set forth in Paragraph "76" of the Complaint.

80.     Defendant denies the allegations set forth in Paragraph "77" of the Complaint.

## AS TO "AS AND FOR A THIRD CAUSE OF ACTION
### (Interference with Plaintiff's Rights Under the Family and Medical Leave Act Against Capital One)"

81.     Defendant repeats and realleges its answers to the allegations set forth in Paragraphs "1" through "80", inclusive, as though fully set forth herein in response to Paragraph "78" of Plaintiff's Complaint.

82.     Defendant denies the allegations set forth in Paragraph "79" of the Complaint.

83.     Defendant denies the allegations set forth in Paragraph "80" of the Complaint.

84.     Defendant denies the allegations set forth in Paragraph "81" of the Complaint.

85.     Defendant denies the allegations set forth in Paragraph "82" of the Complaint.

11

86.     Defendant denies the allegations set forth in Paragraph "83" of the Complaint.

87.     Defendant denies the allegations set forth in Paragraph "84" of the Complaint.

## AS TO "AS AND FOR A FOURTH CAUSE OF ACTION
## (Violation under ERISA Against Capital One, Aetna and the Plan)"

88.     Defendant repeats and realleges its answers to the allegations set forth in Paragraphs "1" through "87", inclusive, as though fully set forth herein in response to Paragraph "85" of Plaintiff's Complaint.

89.     The allegations set forth in Paragraph "86" of the Complaint contain legal conclusions to which no answer is required by the Defendant.  However, to the extent an answer is required Defendant refers the Court to the applicable statutes for the true content and effect thereof.

90.     The allegations set forth in Paragraph "87" of the Complaint contain legal conclusions to which no answer is required by the Defendant.  However, to the extent an answer is required Defendant refers the Court to the applicable statutes for the true content and effect thereof.

91.     The allegations set forth in Paragraph "88" of the Complaint contain legal conclusions to which no answer is required by the Defendant.  However, to the extent an answer is required Defendant refers the Court to the applicable statutes for the true content and effect thereof.

92.     The allegations set forth in Paragraph "89" of the Complaint contain legal conclusions to which no answer is required by the Defendant.  However, to the extent an answer

is required Defendant refers the Court to the applicable statutes for the true content and effect thereof.

93.     Defendant denies the allegations set forth in Paragraph "90" of the Complaint and refer the Court to the plan for the true content and effect thereof.

94.     Defendant admits the allegations set forth in Paragraph "91" of the Complaint.

95.     Defendant denies the allegations set forth in Paragraph "92" of the Complaint.

96.     Defendant denies the allegations set forth in Paragraph "93" of the Complaint.

97.     Defendant admits the allegations set forth in Paragraph "94" of the Complaint.

98.     Defendant admits the allegations set forth in Paragraph "95" of the Complaint.

99.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "96" of the Complaint.

100.    Defendant denies the allegations set forth in Paragraph "97" of the Complaint.

101.    Defendant denies the allegations set forth in Paragraph "98" of the Complaint.

102.    Defendant denies the allegations set forth in Paragraph "99" of the Complaint.

13

103. Defendant denies the allegations set forth in Paragraph "100" of the Complaint.

## AS AND FOR "PRAYER FOR RELIEF"

104. Defendant denies the allegations set forth Plaintiff's prayer for relief.

## AS AND FOR DEFENDANT'S AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

105. As further Answer to Plaintiff's Complaint, Defendant assert the following defenses without assuming any burden of production or proof that it would not otherwise have. Defendant reserves the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

## AS AND FOR DEFENDANT'S FIRST DEFENSE

106. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

## AS AND FOR DEFENDANT'S SECOND DEFENSE

107. Each and every action taken by Defendant was taken for a legitimate, non-discriminatory business reason and would have been taken regardless of Plaintiff's sexual orientation, use and/or request of FMLA or any other protected activity in which Plaintiff engaged.

## AS AND FOR DEFENDANT'S THIRD DEFENSE

108. At all times relevant hereto, Defendants have acted reasonably and in good faith toward Plaintiff and in compliance with the terms and conditions of the plan document(s) and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

14

## AS AND FOR DEFENDANT'S FOURTH DEFENSE

109.    Plaintiff's claims for damages are barred or should be reduced in that he has failed to mitigate his alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## AS AND FOR DEFENDANT'S FIFTH DEFENSE

110.    Defendants are not liable for punitive damages because Defendants made good faith efforts to comply with the FMLA, the New York City Administrative Code and all other applicable laws.

## AS AND FOR DEFENDANT'S SIXTH DEFENSE

111.    Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior.

## AS AND FOR DEFENDANT'S SEVENTH DEFENSE

112.    Plaintiff's claims are barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities or to avoid harm otherwise.

## AS AND FOR DEFENDANT'S EIGHTH DEFENSE

113.    Plaintiff's claims under the FMLA are barred because Plaintiff was not eligible for leave under the FMLA.

## AS AND FOR A NINTH DEFENSE

114.    Plaintiff failed to satisfy the conditions precedent to approval for receipt of benefits under the applicable plan document(s) and, therefore, his claims are barred.

## AS AND FOR AN TENTH DEFENSE

115.    This action is brought in part under ERISA.   Defendants deny any implication that they violated Plaintiff's rights under ERISA or any other statute, law, regulation, or common law, or that Plaintiff is entitled to any benefits other than what he already may have received or is receiving.   Plaintiff's ERISA claim is barred because any purported or actual actions taken regarding him were based according to the clear language of the governing plan documents.

## AS AND FOR A ELEVENTH DEFENSE

116.    Plaintiff's ERSIA claim is barred or limited by the terms and conditions of the plan document(s).

## AS AND FOR A TWELFTH DEFENSE

117.    Plaintiff's remedies under ERISA, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

## AS AND FOR A THIRTEENTH DEFENSE

118.    To the extent the plan document(s) at issue vested the claims administrator with the sole discretion to make eligibility determinations, the decision with regard to Plaintiff must be reviewed under the deferential arbitrary and capricious standard of review and the determination relative to Plaintiff's claim was not arbitrary, capricious, or unreasonable.

## AS AND FOR A FOURTEENTH DEFENSE

119.    Plaintiff's claims against Defendant are barred, in whole or in part, by the affirmative defenses of waiver, estoppel, release and/or accord and satisfaction.

16

## AS AND FOR A FIFTEENTH DEFENSE

120.    The claims asserted are barred, in whole or in part, under the principles of set-off, unjust enrichment, recoupment, unclean hands, estoppel, laches, and such other equitable defenses as are permitted by applicable law, and deductions, restrictions, and offsets in the applicable plan documents.

## AS AND FOR A SIXTEENTH DEFENSE

121.    Plaintiff's claims are barred, in whole or in part, due to his failure to exhaust all administrative remedies.

## AS AND FOR A SEVENTEENTH DEFENSE

122.    Defendant is not a proper party to Plaintiff's ERISA claim.

WHEREFORE, Defendant prays that the Court:

(a)    Dismiss the Complaint in its entirety with prejudice;

(b)    Deny the demand and prayer for relief contained therein;

(c)    Award Defendant its reasonable costs and fees incurred in defending this action; and

(d)    Grant such other and further relief to Defendant as the Court deems just and proper.

17

Respectfully submitted,

JACKSON LEWIS LLP
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated: June 28, 2013          By:   s/ Lori D. Bauer
New York, New York                  Lori D. Bauer
                                    Nicole Q. Saldana


ATTORNEYS FOR DEFENDANT
CAPITAL ONE FINANCIAL CORP.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **ERICK BERG,** | Case No. 13-CV-2694 |
| **Plaintiff,** | |
| -against- | |
| **CAPITAL ONE FINANCIAL CORP., AETNA LIFE INSURANCE COMPANY, and CAPITAL ONE SHORT TERM MANAGED INCOME PROTECTION BENEFITS PLAN,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

       I hereby certify that on this 28th day of June, 2013, I electronically filed the Answer and Affirmative Defenses for Defendant Capital One Financial Corp. with the Clerk of the Court using the ECF system.

       _s/ Lori D. Bauer_____
       Lori D. Bauer

4838-1225-1412, v.  1

19