Cartel, K.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-23-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERICK BERG,

                Plaintiff,

-against-

CAPITAL ONE FINANCIAL CORP.,
AETNA LIFE INSURANCE COMPANY,
and CAPITAL ONE SHORT TERM
MANAGED INCOME PROTECTION
BENEFITS PLAN,

                Defendants.

Case No. 13-CV-2694

STIPULATION AND ORDER
OF CONFIDENTIALITY
AND ADDENDUM

---

      IT IS HEREBY STIPULATED AND AGREED, by and among counsel for Plaintiff Erick Berg (hereinafter referred to as "Plaintiff"), counsel for Defendant, Capital One Financial Corp. (hereinafter referred to as "Capital One") and counsel for Defendants Aetna Life Insurance Company and Capital One Short Term Managed Income Protection Benefits Plan (hereinafter collectively referred to as "Aetna"), that:

      1.     Any party may designate as "Confidential" any document or information which it, in good faith, believes is confidential business or personal information, including but not limited to: (i) any personnel files or other documents or files that contain financial, medical, confidential or otherwise personal information, regarding any current or former employee of Capital One; (ii) any documentation regarding Capital One's customers or accounts; and (iii) any documents regarding or reflecting Capital One's policies, practices or procedures. The entering into this Stipulation shall not constitute an acknowledgement by the parties that material designated as "Confidential" is in fact confidential and such designation shall have no

precedential or evidentiary value. The parties are entering into this Stipulation in order to facilitate discovery.

2. Any material designated as "Confidential" shall be used solely for the purposes of litigating this lawsuit and not for any other purpose, lawsuit, action or proceeding. However, nothing contained herein shall prohibit Capital One from using confidential documents they produced in this lawsuit in the operation of their business.

3. No designation of confidentiality shall be made unless counsel for the designating party believes in good faith that it is significant to the interest of his or her client that the designated matter is kept confidential and that the client would consider this matter, in the absence of litigation, to be confidential.

4. This Stipulation of Confidentiality will extend to any information or materials derived from a source other than a party to this litigation if that source was contacted solely in regard to this litigation, and if the information or materials received from that source is the same in substance as information or material previously provided by a party and designated as "Confidential" or is material that a party, in good faith, designates as "Confidential."

5. No designation of "Confidential" shall be effective unless there is placed or affixed on each document or group of documents (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent. Any confidential designation which is inadvertently omitted prior or subsequent to the entry of this Stipulation of Confidentiality may be corrected by written notification to opposing counsel.

6. "Confidential" documents or information may not be disclosed by any person to anyone other than to the following: (i) the Court; (ii) counsel for the parties; (iii) employees and vendors of counsel for the parties to this litigation including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic, and clerical personnel assisting

such counsel in this action; (iv) Capital One and its employees (v) Plaintiff; (vi) non-party deponents; and (vii) expert or medical witnesses, provided, however, that disclosure of "Confidential" documents or information to any such individual will be restricted to such "Confidential" documents or information as counsel reasonably and in good faith believe need be disclosed to the individual in order for counsel properly to prepare the case for trial. Notwithstanding anything to the contrary that may appear in Section 6 of this Stipulation of Confidentiality, "Confidential" medical or financial records produced by Plaintiff are not to be disclosed to employees of Capital One other than members of its litigation department.

7. Any documents or information designated "Confidential" shall be disclosed only to those persons designated in paragraphs 6 (vi) and (vii): (a) who shall have read this Stipulation; and (b) who, prior to the receipt of any "Confidential" documents or information shall agree to be bound by the terms hereof. After such person has read the Stipulation of Confidentiality, he or she shall be required to sign a copy of the Stipulation of Confidentiality or such other documents acknowledging that he or she shall abide by its terms. The parties agree to obtain and retain a signed copy of the Stipulation of Confidentiality or such other document from non-party deponents and expert witnesses to whom "Confidential" material is disclosed. Nothing herein shall prevent disclosure beyond the terms of this Stipulation of Confidentiality if the party claiming confidentiality consents in writing to such disclosure, or if the party seeking such disclosure, upon timely notice to the other parties, receives the approval of the Court.

8. If any party or counsel wishes to use or inquire into "Confidential" documents or information at any deposition, the portion of the deposition transcript that relates to the "Confidential" material shall be designated and treated as "Confidential" and shall be subject to the confidentiality/protective provisions herein.

9.  A party may apply to the Court for a ruling that deposition testimony or a document (or category of documents) designated as "Confidential" is not entitled to such status and protection. The party or other person who designated the document as "Confidential" shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

10. In the event that Plaintiff or Defendants wish to file any "Confidential" documents with the Court prior to trial, the parties shall: (1) file said "Confidential" documents pursuant to any court established directions or procedures for handling such material; or (2) in the absence of any court established directions or procedures, take steps necessary to ensure that the "Confidential" documents are filed under seal and is maintained by the Court under seal until further Order of the Court.

11. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

12. If "Confidential" documents or information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall resist such subpoena or order by immediately notifying the person or entity of this Stipulation, shall provide the requesting person or entity a copy of this Stipulation, and in any event shall not provide or otherwise disclose such documents or information without first notifying counsel for the producing party in writing of: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case

4

name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued. Plaintiff agrees to notify Aaron Walters, Senior Counsel of Capital One, N.A. (or his successor) within five (5) business days if he is compelled by subpoena or court order, or otherwise contacted by any third parties, to appear and testify concerning matters encompassed by this Paragraph. Plaintiff also agrees that he will not contest Capital One's standing to move to quash such subpoena. Capital One agrees to notify Andrew Goodstadt, counsel for Plaintiff, within five (5) business days if its employees are compelled by subpoena or court order, or otherwise contacted by any third parties, to appear and testify concerning Confidential" documents produced by Plaintiff encompassed by this Paragraph.

13. This Stipulation of Confidentiality is intended only to govern the procedures for disclosure of confidential documents, material and information. Nothing contained in this Stipulation of Confidentiality is intended to, or shall be construed to, waive any objections by any party, including, but not limited to, objections on the grounds of privilege and/or confidentiality, to any requests for discovery by any other party in this action.

14. Nothing contained in this Stipulation of Confidentiality shall be construed to prevent any party from making applications to the Court for revision of the terms of this Stipulation of Confidentiality.

15. At the termination of this litigation, all originals and copies of "Confidential" documents and all originals and copies of excerpts thereof shall be returned to the producing party or at the option of the producing party be destroyed within thirty (30) business days of the termination of the litigation subject to the parties' counsels' ethical obligations to preserve documents.

Submitted by and agreed to for and on behalf of all parties:

| | |
|---|---|
| LAW OFFICE OF ADAM E. FABER, LLC<br>40 Cutter Mill Road, Suite 301<br>Great Neck, New York 11021<br>(516) 570-6885<br><br>By: _____<br>Eric B. Eubanks | JACKSON LEWIS, LLP<br>666 Third Avenue<br>New York, New York 10017<br>(212) 545-4000<br><br>By: _____<br>Lori D. Bauer<br>Nicole Q. Saldana |

And

GOODSTADT LAW GROUP, PLLC
Andrew Goodstadt, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 307-1880

ATTORNEYS FOR PLAINTIFF
ERICK BERG

ATTORNEYS FOR DEFENDANT
CAPITAL ONE FINANCIAL CORP.

SEDGWICK LLP
2 World Financial Center
225 Liberty Street, 28th Floor
New York, New York 10281
(212) 422-0202

By: _____
Michael H. Bernstein

ATTORNEYS FOR DEFENDANTS
AETNA LIFE INSURANCE COMPANY and
CAPITAL ONE SHORT TERM MANAGED
INCOME PROTECTION BENEFITS PLAN

Subject to Addendum Order

It is SO ORDERED this 23 day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

Erick Berg,

                Plaintiff(s),                ADDENDUM TO ORDER
                                                                    13 Civ. 2694 (PKC)

       -against-

Capital One Financial Corp., et al.,

                Defendant(s).
------------------------------------------------------------x

       This Addendum is an integral part of the Order of today's date granting confidentiality protection to certain materials. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority.

       Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

       SO ORDERED.

                                                                                P. Kevin Castel
                                                                  United States District Judge

Dated: New York, NY
          September 23, 2013