USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-1-13

**Sedgwick**

ATTORNEYS AT LAW

226 LIBERTY STREET, 28TH FLOOR   NEW YORK, NY 10281-1008

www.sedgwicklaw.com   212.422.0202 phone   212.422.0925 fax

*Michael Bernstein*
*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

September 30, 2013

*Via Facsimile (212.805.7949)*
Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Berg v. Capital One Financial Corp. et al.
     Case No.: 13-cv-2694
     File No.: 00322-008169

[Handwritten endorsement: Fact discovery until does not end until October 31. The Court will take up the proposed motion after the close of fact discovery at the conference scheduled for November 15, 2013 at 11:45 a.m. SO ORDERED. /s/ P. Kevin Castel, USDJ 9-30-13]

**MEMO ENDORSED**

Dear Judge Castel:

As you are aware, this office represents Aetna Life Insurance Company ("Aetna") and the Capital One Short Term Managed Income Protection Benefits Plan (the "Plan") in the above-referenced action. We write to request that the Court schedule a pre-motion conference to discuss Aetna's proposed motion for summary judgment dismissing Aetna and the Plan from this action pursuant to Rule 56, FED. R. CIV. P. The Complaint only names Aetna and the Plan as defendants in Plaintiff's Fourth Cause of Action, alleging a claim for short-term disability ("STD") benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

Your Honor's Case Management Order dated July 2, 2013 required Plaintiff, Erick Berg ("Berg") to consider voluntarily withdrawing his claim against Aetna and the Plan once counsel exchanged initial disclosures. Aetna and the Plan produced the administrative record for Berg's claim on July 14, 2013. By letter dated August 5, 2013, we wrote to Plaintiff's counsel to request their determination with respect to Your Honor's order regarding voluntary dismissal of this action against Aetna and the Plan. Plaintiff's counsel responded by letter dated August 19, 2013, arguing the merits of their claims against Aetna and the Plan and advising that Plaintiff will not voluntarily dismiss the action against these parties. We now respectfully request a pre-motion conference so that leave can be granted for Aetna and the Plan to file a dispositive motion.

1.   **Summary of Allegations**

     a.   **The Plan**

Berg was formerly employed by Capital One Financial Corporation ("Capital One") and was a participant in the Plan only during the time he was included in the Plan's "Eligible Class." The Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). STD benefits under the Plan are self-funded and, pursuant to an Administrative Services Agreement ("ASA") between Aetna and Capital One, Aetna is granted full discretionary authority to

Hon. P. Kevin Castel
Re: Berg v. Capital One Financial Corp. et al.
   Case No.: 13-cv-2694
September 30, 2013
Page 2

interpret the Plan and to render all benefit determinations. Capital One, however, retained the sole and complete authority to determine eligibility of persons who may participate in the Plan. The Plan requires employees to be in an "Eligible Class" in order to participate. Individuals in the "Eligible Class" include "regular part-time non-exempt employee[s]." The Plan explicitly states that an employee's eligibility for coverage ends immediately upon termination of his employment.

### b. Berg's Employment At Capital One Is Terminated For Cause

Berg's last day of regular full-time employment at Capital One was November 9, 2012, at which time he was suspended and directed not to report back to work pending the conclusion of a sexual harassment investigation. A few days later, on November 12, 2012, Berg visited his primary care physician, Dr. Spinelli, complaining of physical and emotional symptoms of depression. Dr. Spenelli concluded that after Berg consulted with a psychologist, he would consider whether Berg needed to take a medical leave of absence from his job. Berg subsequently started treatment with Lisa Brateman, a licensed psychotherapist on November 13, 2012 and she recommended that Berg apply for medical leave from his job. Berg was subsequently terminated from his job effective Tuesday, November 13, 2012. Notably, Monday, November 12, 2012 was a federal bank holiday (Veteran's Day) so Berg's employer was not open for business on that day.

### c. Berg's Claim For STD Benefits Is Denied Due To His Ineligibility

On November 13, 2012, Berg contacted Aetna to file a claim for leave under the Family Medical Leave Act ("FMLA") and to submit a claim for STD benefits under the Plan. Aetna began its review of Berg's STD claim, which first entailed a determination of his eligibility under the Plan. As part of Aetna's investigation into Berg's eligibility, Berg forwarded correspondence from Capital One dated November 16, 2012, in which Capital One informed Berg that his employment had been retroactively terminated, effective November 13, 2012, for violating Capital One's rules and ethics. Upon learning of Berg's November 13, 2012 termination date, Aetna followed Plan rules and advised Berg that his claim for STD benefits had been denied due to his ineligibility under the Plan.

By letter dated February 5, 2013, Berg appealed Aetna's initial adverse determination. Upon reviewing all information submitted, Aetna concluded that Berg was not eligible for coverage under the Plan because he was not working at the time he applied for STD benefits. Additionally, Aetna confirmed that Berg's termination date was November 13, 2012. By letter dated March 7, 2013, Aetna informed Berg that it upheld its original adverse benefit determination on the grounds that his eligibility for coverage under the Plan ended on the date he was "terminated for misconduct, criminal conviction or violation of Capital One's policies and procedures, including, but not limited to Capital One's Code of Business Conduct and Ethics Policy, as determined by Capital One."

## 2. Argument

### a. Aetna Completed A Full And Fair Review Of Berg's Claim

Because the Plan includes a grant of full discretionary authority to Aetna, its decision to deny Berg's claim for STD benefits may only be overturned if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Kinstler* v. *First Reliance Standard Life Insurance Co.*, 181 F.3d 243, 249 (2d Cir. 1999). "'Substantial evidence' is 'such evidence that a reasonable mind must accept as adequate to support

Hon. P. Kevin Castel
Re: Berg v. Capital One Financial Corp. et al.
    Case No.: 13-cv-2694
September 30, 2013
Page 3

the conclusion reached by the [decision-maker and] requires more than a scintilla of evidence but less than a preponderance.'" *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995); *see also Fortune v. Long Term Group Disability Plan for Employees of Keyspan Corp.*, 637 F. Supp. 2d 132, 141 *aff'd* 391 Fed.Appx. 74 (2d Cir. 2010). Moreover, where both the claims administrator and claimant "offer rational, though conflicting, interpretations of plan provisions, the [administrator's] interpretation must be allowed to control." *Pulvers v. First Unum Life Ins. Co.*, 210 F.3d 89, 92-93 (2d Cir. 2000); *Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 88 (2d Cir. 2009).

The ASA clearly delegates discretionary authority to Aetna, authorizing it to make all benefit claim determinations under the Plan. The Plan further states that Capital One is the only party authorized to determine a claimant's eligibility for coverage under the Plan. Aetna's review was concluded as soon as Capital One confirmed that Berg was no longer in the "Eligible Class" once he was terminated from employment. Aetna's determination was therefore based on substantial evidence, was not arbitrary and capricious, and should not be disturbed.

    b.    **The Administrative Record Demonstrates Berg Was Ineligible For Benefits**

Berg may not rely on any evidence that is not included in the Administrative Record to substantiate his claims against Aetna or the Plan. Second Circuit case law unambiguously and uniformly holds that where, as here, an ERISA Plan grants a claim administrator discretionary authority to make benefit determinations, the Court must "evaluate the fairness of a claim administrator's determination based only on the information in the administrative record and the governing law." *See Martucci v. Hartford Life Ins. Co.*, No. 10 Civ. 6231 (BSJ) (RLE), 2012 WL 1034815, *5 (S.D.N.Y. March 27, 2012); *see e.g., Miller*, 72 F.3d at 1071; *Testa v. Hartford Life Ins. Co.*, 483 Fed.Appx. 595, 598 (2d Cir. May 16, 2012) (Summary Order).The administrative record is comprised of all information that was before the claim fiduciary (Aetna) when it considered the plaintiff's claim for benefits. *See Id.*.

According to Plan documents, Berg was not a Plan participant at the time he applied for STD benefits. Berg's last day of regular full-time work was November 9, 2012. Berg was subsequently terminated effective November 13, 2012. Even if Berg was deemed disabled prior to November 13, 2012, he was not part of the Eligible Class to be considered a Plan participant at that time. Aetna must follow and execute the Plan's provisions, including the definition of the "Eligible Class." Accordingly, Berg's claim that Aetna acted in violation of ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) is entirely without merit because Aetna properly administered the claim and concluded that he was ineligible for coverage based on the information contained in the administrative record.

**3.**    **Conclusion**

Given the foregoing, Aetna and the Plan should grant leave to move for summary judgment. Accordingly, Defendants request that the Court schedule a pre-motion conference to discuss the proposed motion for summary judgment in accordance with Your Honor's Individual Practice Rules.

Thank you for your consideration of this matter.

NY/1272034v1

Hon. P. Kevin Castel
Re: Berg v. Capital One Financial Corp. et al.
    Case No.: 13-cv-2694
September 30, 2013
Page 4

Very truly yours,

*[signature]*

Michael H. Bernstein
Sedgwick LLP

MHB


cc (via e-mail):  Eric Eubanks, Esq.
                    Andrew Goodstadt, Esq.
                    Lori Bauer, Esq.
                    Nicole Saldana, Esq.